UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL CONTRERAS-ZAMORA,<br><br>           Petitioner,<br><br>   v.<br><br>J. DOERER,<br><br>           Respondent. | Case No. 1:26-cv-03463-CDB (HC)<br><br>ORDER FINDING PETITIONER MAY AMEND PETITION AS A MATTER OF COURSE AND WITHOUT LEAVE OF COURT<br><br>(Doc. 6)<br><br>**30-Day Deadline**<br><br><u>Clerk of the Court to Send Petitioner § 2241 Habeas Form Petition</u> |

Petitioner Juan Manuel Contreras-Zamora ("Petitioner"), a federal inmate, proceeds with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).

**Background**

On May 5, 2026, Petitioner filed his petition. *Id.*  Petitioner was authorized by the Court to proceed *in forma pauperis* the next day.  (Doc. 2).  On May 26, 2026, Petitioner filed a motion to amend his petition, dated May 15, 2026.  (Doc. 6).  In brief, Petitioner seeks to amend his petition to add two additional grounds supporting his claims: false testimony by the government in closing and insufficient evidence to support his conviction.  *See id.*

///

///

**Discussion**

Rule 15 permits amendment of a pleading once as a matter of course no later than 21 days after service or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier.  *See* Fed. R. Civ. P. 15(a)(1).  After such time has passed or petitioner has once amended their complaint, amendment may only be by leave of the court or by written consent of the adverse parties.  Fed. R. Civ. P. 15(a)(2).  "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires."  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Here, Petitioner's petition has not been screened.  Under Habeas Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  Rule 4 of the Rules Governing Section 2254 Cases[1] ("Habeas Rules"); *see Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  No such responsive pleading has been ordered and service of the petition has not yet been effected.  *See* Habeas Rule 4.

Accordingly, Petitioner is entitled to file the first amended petition as a matter of course without leave of court.

**Conclusion and Order**

Petitioner is advised that pursuant to Local Rule 220, **the first amended petition must be complete in itself without reference to the initial petition**.  Plaintiff must replead all facts and claims that he wishes the Court to consider in his first amended petition and may not reference his initial petition.

Accordingly, it is HEREBY **ORDERED:**

1. The Clerk of the Court is directed to send Petitioner a blank § 2241 habeas form petition;

---

[1] The Habeas Rules may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  *See* Habeas Rule 1.

2. Petitioner SHALL file, no later than **30 days** after service of this order:

   a. a first amended petition;

   *or*

   b. a notice of intent to proceed on his initial petition;

   *or*

   c. in the event Petitioner no longer wishes to proceed with this action, he may file a
   notice of voluntary dismissal

**Any failure by Petitioner to comply with this order may result in a recommendation that this action be dismissed for failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **July 10, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3