UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL CONTRERAS-ZAMORA,<br>Petitioner,<br>v.<br>J. DOERER,<br>Respondent. | Case No.: 1:26-cv-03463-CDB (HC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PETITIONER'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS<br><br>(Doc. 7)<br><br>**14-DAY DEADLINE** |

Petitioner Juan Manuel Contreras-Zamora is a federal prisoner proceeding pro se and *in forma pauperis* in this habeas action pursuant to 28 U.S.C. § 2241.

**Background**

Petitioner initiated this action with the filing of a petition for writ of habeas corpus on May 5, 2026. (Doc. 1). On May 26, 2026, Petitioner filed a motion for leave to amend the petition. (Doc. 6). On July 10, 2026, the Court found that Petitioner may amend the petition without leave of Court and directed Petitioner to file, within 30 days, a first amended petition, a notice of intent to proceed on his initial petition, or a notice of voluntary dismissal if he no longer wished to proceed with this action. (Doc. 7). The deadline by which Petitioner was to file a response to the Court's order was August 13, 2026 (*see* Fed. R. Civ. P. (d)), and Petitioner has failed to file any response. *See id.* at 3.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Thus, the Court will direct Petitioner to show cause in writing regarding his failure to comply with the Court's orders.

**Conclusion and Order**

Accordingly, the Court ORDERS Petitioner to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order to file a response (Doc. 7). Petitioner may comply with this order in the alternative by filing a first amended petition, a notice of intent to proceed on his initial petition, or a notice of voluntary dismissal by that same deadline.

**Any failure by Petitioner to comply with this order will result in a recommendation that this action be dismissed for failure to comply with the Court's orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **August 18, 2026**

UNITED STATES MAGISTRATE JUDGE