UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN MANUEL CONTRERAS-ZAMORA,

Petitioner,

v.

J. DOERER,

Respondent.

Case No.: 1:26-cv-03463-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO OBEY COURT ORDERS AND TO PROSECUTE THE CASE

(Doc. 8)

**14-DAY OBJECTION PERIOD**

Petitioner Juan Manuel Contreras-Zamora is a federal prisoner proceeding pro se and *in forma pauperis* in this habeas action pursuant to 28 U.S.C. § 2241.

**Background**

Petitioner initiated this action with the filing of a petition for writ of habeas corpus on May 5, 2026. (Doc. 1).

On May 26, 2026, Petitioner filed a motion for leave to amend the petition. (Doc. 6). In ruling on that motion, on July 10, 2026, the Court found that Petitioner may amend the petition without leave of Court and directed Petitioner to file, within 30 days (*i.e.*, by no later than August 13, 2026, *see* Fed. R. Civ. P. 6(d)), a first amended petition, a notice of intent to proceed on his initial petition, or a notice of voluntary dismissal if he no longer wished to proceed with this action. (Doc. 7).

When Petitioner failed to timely respond to the Court's order, on August 18, 2026, the Court ordered Petitioner to show cause in writing, within 14 days (i.e., by no later than September 4, 2026, *see* Fed. R. Civ. P. 6(d)), why this action should not be dismissed for his failure to comply with the Court's order to file a response. (Doc. 8). Petitioner was permitted to comply with the order in the alternative by filing a first amended petition, a notice of intent to proceed on his initial petition, or a notice of voluntary dismissal by that same deadline. *Id*. Petitioner was forewarned that "<u>[a]ny failure by Petitioner to comply with this order will result in a recommendation that this action be dismissed for failure to comply with the Court's orders and failure to prosecute.</u>" *Id.* at 2 (emphasis in original).

Petitioner has failed to file either a first amended petition, a notice of intent to proceed on his initial petition, or a notice of voluntary dismissal, or any other response to the OSC, and the time to do so has expired. Accordingly, for the reasons set forth below, the undersigned will recommend that the Court dismiss this action without prejudice for Petitioner's failure to comply with the Court's orders and to prosecute the case.

**<u>Governing Legal Standards</u>**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to "secure the just, speedy, and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Local Rules of this Court, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an

action, obey a court order, or comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

Similarly, Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the petitioner fails to comply with a court order. Fed. R. Civ. P. 41(b). "By its plain text, a Rule 41(b) dismissal . . . requires a court order with which an offending [petitioner] failed to comply." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks, citation, and footnote omitted). The Court must analyze five factors before dismissing a case pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondents]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id*. (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226.

**<u>Discussion</u>**

Here, Petitioner has failed to comply with the Court's orders and failed to prosecute the action. Specifically, Petitioner has failed to comply with both the Court's order granting his

motion to amend and its show cause order requiring him to file a first amended petition, a notice of intent to proceed on his initial petition, or a notice of voluntary dismissal if he no longer wished to proceed with this action. *See* (Docs. 7, 8). As Petitioner is proceeding pro se, there are no other reasonable alternatives available to address his failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440. The third factor, risk of prejudice to Respondents, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without Petitioner's participation. The presumption of injury holds given the unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the Respondents—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Petitioner has not moved this case forward toward disposition on the merits. Rather, his failure to comply with this Court's orders prevents the action from progressing given his failure to file a first amended petition, a notice of intent to proceed on his initial petition, or a notice of voluntary dismissal if he no longer wished to proceed with this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440. Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, as discussed above, the Court's order cautioned Petitioner that "[a]ny failure by Petitioner to comply with this order will result in a recommendation that this action be dismissed for failure to comply with the Court's orders and failure to prosecute." (Doc. 8 at 2) (emphasis omitted); *see* Local Rule 110.

Therefore, the undersigned will recommend that this action be dismissed for failure to

prosecute and to comply with the Court's orders.

**<u>Conclusion and Recommendation</u>**

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED for Petitioner's failure to prosecute and to comply with the Court's orders; and
2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed above the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 11, 2026**

UNITED STATES MAGISTRATE JUDGE